# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Uriah Products, LLC, | Case No. 1:24CV1493 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Winston Products, LLC, | |
| Defendant. | MEMORANDUM OPINION & ORDER |

Currently pending is Plaintiff/Counterclaim Defendant Uriah Products, LLC's Motion to Dismiss Defendant/Counterclaim Plaintiff Winston Products, LLC's Counterclaim III pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 11.) Defendant/Counterclaim Plaintiff Winston Products, LLC (hereinafter "Winston") filed a Brief in Opposition on January 16, 2025, to which Plaintiff/Counterclaim Defendant Uriah Products, LLC (hereinafter "Uriah") replied on January 23, 2025. (Doc. Nos. 15, 16.) For the following reasons, Uriah's Motion to Dismiss (Doc. No. 11) is GRANTED.

**I.     Background**

Uriah manufactures and distributes trailers parts, such as trailer hitches and ball mounts. (Doc. No. 7 at ¶ 9.) One of Uriah's products is the Aluma-Tow Hitch Ball Mount which is a receiver hitch used for towing. (*Id*. at ¶ 10.) Winston manufactures hitch products, included those branded as Ultra-Tow Mount, TowSmart Tri-Mount, and TowSmart Dual Mount. (Doc. No. 9 at PageID# 104, ¶ 4.)

At some point in 2024, Uriah (through counsel) wrote to one of Winston's customers, AutoZone, to notify Autozone that "the TowSmart Adjustable Ball Mount Hitch manufactured by

Winston Products, infringes [Uriah's] patent: U.S. Pat. No. 10,857,846." (Doc. No. 9-1 at PageID# 118.)  In its letter, Uriah included a "claim chart that demonstrates the basis for how and why the Winston hitch infringes our patent." (*Id*.)  Uriah advised AutoZone that "[a]ny of your sales activities related to this product or similar one still [sic] with patent infringement should be immediately ceased to avoid possible legal issues or business losses." (*Id*.)

On August 20, 2024, Autozone's Director of Corporate Legal & Contracts, Nicole Schneck, forwarded Uriah's letter to Winston.  (*Id*. at PageID# 117.)  Ms. Schneck reminded Winston of an indemnification clause in the Vendor Agreement between Autozone and Winston and stated that "if you are aware of any information or fact which you believe obviates Winston's obligation to defend and indemnify AutoZone, please inform us immediately." (*Id*.)  Ms. Schneck further stated that "if I don't hear from you with confirmation that Winston will honor its obligations within the next five (5) business days, we may retain outside counsel to protect our interests" and seek "reimbursement for any expenses that are incurred as a result of said retention." (*Id*.)

On August 30, 2024, Uriah filed a Complaint in this Court against Winston, alleging that two of Winston's products (the Ultra-Tow Ball Mount and the TowSmart Tri Mount) infringe Uriah's U.S. Patent No. 10,857,846 (hereinafter "the '846 Patent").  (Doc. No. 1.)  Uriah filed an Amended Complaint on November 26, 2024, alleging that three of Winston's products (the Ultra-Tow Mount, TowSmart Tri Mount, and TowSmart Dual Mount) (hereinafter referred to collectively as "the Accused Products") infringe the '846 Patent.  (Doc. No. 7.)

Winston filed its Answer and Counterclaims on December 13, 2024.  (Doc. No. 9.)  In its Counterclaims, Winston alleges, at length, that (1) the Accused Products do not infringe the '846 Patent; (2) the '846 Patent is invalid; and (3) "Uriah's accusation of infringement is not supported by

2

evidence and is submitted for a bad faith basis."[1] (*Id*. at PageID#s 104-111.) Winston further alleges that Uriah made its statements to AutoZone that Winston infringes the '846 Patent knowing that those statements were literally false, misleading, and objectively baseless. (*Id*. at PageID# 112.) Winston alleges that "Uriah's statements to AutoZone were material, deceptive, and made to improperly influence AutoZone's purchasing decisions." (*Id*.) Lastly, Winston alleges that "Uriah['s] statements to AutoZone and any others harmed Winston." (*Id*.)

Based on the above, Winston alleges counterclaims for (1) declaration of non-infringement (Counterclaim I); (2) declaration of invalidity (Counterclaim II); and (3) Deceptive Trade Practices under § 43 of the Lanham Act and Ohio Rev. Code § 4165.02 (Counterclaim III). (Doc. No. 9.)

On January 3, 2025, Uriah filed a Motion to Dismiss Winston's Deceptive Trade Practices Counterclaim pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. No. 11.) Winston filed a Brief in Opposition on January 16, 2025, to which Uriah replied on January 23, 2025.[2] (Doc. Nos. 15, 16.)

**II.** **Standard of Review**

In order to survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–556 (2007)). For purposes of both Rule 12(b)(6) and

---

[1] Because this Court finds that Winston failed to sufficiently allege a causal link between the challenged statements to AutoZone and any harm to Winston, the Court does not recite Winston's specific noninfringement and invalidity allegations herein.

[2] The Court conducted a Case Management Conference on March 31, 2025, during which various claims construction deadlines were set. (Doc. No. 20.)

Rule 12(c), "all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007) (internal citation and quotation marks omitted).

The measure of a Rule 12(b)(6) challenge — whether the Complaint raises a right to relief above the speculative level — "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir.2008) (quoting in part *Twombly,* 550 U.S. at 555–556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Deciding whether a complaint states a claim for relief that is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

Consequently, examination of a complaint for a plausible claim for relief is undertaken in conjunction with the "well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting in part *Erickson v. Pardus*, 551 U.S. 89 (2007)). Nonetheless, while "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 679.

**III.  Analysis**

In its Motion, Uriah first notes that Winston's Counterclaim fails to identify the specific provisions of either the Lanham Act or Ohio Rev. Code § 4165.02 that it alleges Uriah violated. (Doc. No. 11-1 at fn 7.) Uriah construes Winston's Counterclaim as alleging a claim for "false advertising" or "disparagement" under Section 43(a)(1)(B) of the Lanham Act and Ohio Rev. Code § 4165.02(A)(10). (*Id.*) Winston does not challenge or dispute this characterization of its Counterclaim. (Doc. No. 15.) Thus, and in the absence of any argument to the contrary, this Court presumes that Winston's "deceptive trade practices" Counterclaim is brought under Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. §1125(a)(1)(B), and Ohio Rev. Code § 4165.02(A)(10).

**A.  Lanham Act Claim**

Section 43(a)(1)(B) of the Lanham Act provides as follows:

> (1) Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which—
>
> \*\*
>
> (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1). In order to establish a false-advertising claim under the Lanham Act, the plaintiff must plead and prove the following five elements: (1) "'the defendant has made false or misleading statements of fact concerning his own product or another's;'" (2) "'the statement actually or tends to deceive a substantial portion of the intended audience;'" (3) "'the statement is material in

5

that it will likely influence a deceived consumer's purchasing decisions;'" (4) "'the advertisements were introduced into interstate commerce;'" and (5) "'there is some causal link between the challenged statements and harm to the plaintiff.'" *Balance Dynamics Corp. v. Schmitt Indus.*, 204 F.3d 683, 689 (6th Cir. 2000) (quoting *Am. Council of Certified Podiatric Physicians & Surgeons v. Am. Bd. of Podiatric Surgery, Inc.,* 185 F.3d 606, 613 (6th Cir. 1999)).

In addition, because the instant case involves claims of patent infringement, the Court must look to Federal Circuit law. The Federal Circuit has held that a plaintiff (or, here, counterclaim plaintiff) bringing a § 43(a) claim under the Lanham Act against a patent holder must also establish that the patent holder acted in bad faith. *Zenith Elecs. Corp. v. Exzec, Inc*., 182 F.3d 1340, 1353 (Fed. Cir. 1999). This is because "a patentee's statements regarding its patent rights are conditionally privileged under the patent laws." *Id*. at 1353. "Federal patent law governs the propriety of giving [notice of patent rights and intent to enforce them], and a patentee has a right to inform potential infringers of a patent and potentially infringing activity unless the communication is made in bad faith."[3] *GP Industries, Inc. v. Eran Industries, Inc*., 500 F.3d 1369, 1374 (Fed. Cir. 2007).

Here, Uriah first argues that Winston's Lanham Act claim should be dismissed because it "completely lacks any factual allegations that plausibly demonstrate Uriah acted in bad faith." (Doc. No. 11-1 at PageID#139.) Rather, Uriah asserts that "the entire basis" for Winton's assertion of bad

---

[3] A plaintiff fails to establish bad faith on the part of the defendant unless the plaintiff establishes "the claims asserted were objectively baseless." *GP Industries, Inc. v. Eran Industries, Inc*., 500 F.3d 1369, 1374 (Fed. Cir. 2007)(citing *Globetrotter Software, Inc. v. Elan Computer Group, Inc*., 362 F.3d 1367, 375 (Fed. Cir. 2004)). A claim "must be objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." *Prof' l Real Estate Investors, Inc. v. Columbia Pictures Indus., Inc.,* 508 U.S. 49, 60 (1993). "[A] threshold showing of incorrectness or falsity, or disregard for either, is required in order to find bad faith in communication of information about the existence or pendency of patent rights." *Mikohn Gaming Corp. v. Acres Gaming, Inc*., 165 F.3d 891, 897 (Fed. Cir. 1998). A patentee, acting in good faith, "is fully permitted to press those [patent] rights 'even though he may misconceive what those rights are.'" *Id*. If a plaintiff establishes objective baselessness, then the court considers whether the plaintiff has established subjective bad faith. *Judkins v. HT Window Fashion Corp*., 529 F.3d 1334, 1342 (Fed. Cir. 2008).

faith are conclusory legal assertions and Winston's "incorrect [] interpretation of the '846 patent." (*Id.* at PageID# 140.) Uriah next argues that Winston's Lanham Act claim "is also deficient because it does not plausibly allege that Winston suffered harm." (*Id.* at PageID# 142.) Specifically, Uriah asserts that Winston's claim "fails to allege any harm whatever, let alone harm causally linked to Uriah's letter to AutoZone." (*Id.* at PageID# 143.) For example, Uriah maintains, Winston fails to allege any lost profits or price reductions caused by Uriah's letter to AutoZone or "any other specific harm." (*Id.*)

In response, Winston argues that its Lanham Act claim "is more than adequately pled and is replete with factual bases and analyses." (Doc. No. 15 at PageID# 185.) Winston maintains that, over the course of "fifteen factual paragraphs," it specifically alleges that Uriah must have known that its infringement allegations were false and in bad faith. (*Id.*) Regarding harm, Winston argues that it "more than adequately pled harm" when it alleged that "Uriah's statements to AutoZone were material, deceptive, and made to improperly influence AutoZone's purchasing decisions." (*Id.* at PageID# 188.) Winston asserts that, "aside from bad faith," it is not required to plead the elements of its Lanham Act claim with specificity. (*Id.*) Winston maintains that the harm from Uriah's letter to AutoZone "is obvious and adequate to inform Uriah of Winston's claim." (*Id.* at PageID# 189.)

In its Reply Brief, Uriah insists that "Winston's own construction of the claims, analysis of the invalidity and infringement, and bald conclusion that Uriah acted with bad faith are legal conclusions, not factual allegations." (Doc. No. 16 at PageID# 195.) Uriah argues that Winston's Brief in Opposition "reads like a claims construction brief" and improperly relies on allegations and information that are not included in its Counterclaims. (*Id.* at PageID# 199.) Uriah maintains that Winston's claim fails because Winston "has not alleged any facts that could even plausibly show

7

Uriah knows or believes the '846 patent is invalid, unenforceable, or not infringed." (*Id*. at PageID# 200.) Lastly, Uriah reiterates that Winston's deceptive trade practices claim should be dismissed because Winston does not adequately plead any harm that is causally linked to Uriah's letter to AutoZone. (*Id*. at PageID#s 204-205.)

Because it is dispositive, the Court begins (and ends) with Uriah's argument that Winston has failed to sufficiently allege the fifth element of his Lanham Act false advertising claim, i.e., that "there is some causal link between the challenged statements and harm to the plaintiff.'" *Balance Dynamics*, 204 F.3d at 689.[4]

As the Sixth Circuit recently explained, "[t]he Supreme Court has construed [Section 43(a)(1)(B) of the Lanham Act] to require that plaintiffs plead two things." *Geomatrix LLC v. NSF International*, 82 F.4th 466, 483 (6th Cir. 2023). "First, the plaintiffs must show that their interests 'fall within the zone of interests protected by the law invoked,' meaning that 'a plaintiff must allege an injury to a commercial interest in reputation or sales.'" *Id*. (quoting *Lexmark International Inc. v. Static Control Components, Inc.,* 572 U.S. 118, 129, 131–132 (2014)). "Second, and crucial here, 'a statutory cause of action is limited to plaintiffs whose injuries are proximately caused by violations of the statute.'" *Id*. (quoting *Lexmark*, 572 U.S. at 132). Therefore, a plaintiff must plead that the "deception of consumers causes them to withhold trade from the plaintiff." *Lexmark,* 572 U.S. at 133. *See also Geomatrix LLC*, 82 F.4th at 483 (same); *Grubbs v. Sheakley Grp., Inc.,* 807 F.3d 785,

---

[4] While Federal Circuit law applies to issues of patent law, the Federal Circuit applies the law of the regional Circuit in which the district court resides to non-patent law issues. *See Nautilus Grp., Inc. v. ICON Health & Fitness, Inc.,* 372 F.3d 1330, 1334 (Fed. Cir. 2004) ("In a trademark case, we apply the law of the applicable regional circuit, in this case, the Ninth Circuit.") *See also VersaTop Support Systems, LLC v. Georgia Expo, Inc*., 921 F.3d 1364, 1368 (Fed. Cir. 2019). Thus, the Court looks to Sixth Circuit law for the elements of a false advertisement claim under the Lanham Act, as well as the pleading standards relating to those elements.

8

798 (6th Cir. 2015) (noting that a plaintiff must show "some causal link between the challenged statements and harm to the plaintiff" in pleading a false advertising claim).

Thus, to survive dismissal of its Lanham Act claim, Winston must sufficiently plead "an injury to a commercial interest in reputation or sales" and that the injury was proximately caused by a violation of the statute. For the following reasons, the Court finds that Winston has failed to do so.[5] As Uriah correctly notes, the basis of Winston's Lanham Act claim is the August 2024 letter from Uriah to AutoZone, in which Uriah states that Winston's products infringe Uriah's '846 patent. (Doc. No. 9-1.) Winston conclusorily alleges that Uriah's statements in that letter were "made to improperly influence AutoZone's purchasing decisions" and "harmed Winston." (Doc. No. 9 at PageID# 112.) However, Winston fails to allege any facts that Uriah's statements in the August 2024 letter did, in fact, influence AutoZone's purchasing decisions or otherwise cause any harm to Winston. For example, Winston does not allege that it lost any sales to AutoZone (or any other customer for that matter) as a result of Uriah's letter. Moreover, while AutoZone states that it "may retain outside counsel to protect its interests" and seek reimbursement if Winston does not respond within five days (Doc. No. 9-1 at PageID# 117), Winston does not allege that AutoZone did, in fact, take this (or any other) action in response to Uriah's letter. Finally, although Winston argues in its

---

[5] Uriah argues that the heightened pleading standard of Rule 9(b) applies to Winston's Lanham Act false advertising claim. (Doc. No. 11.) The Sixth Circuit has not decided this issue, however, and district courts in this Circuit are divided. *Compare Elcometer, Inc. v. TQC-USA, Inc.*, 2013 WL 1433388 at *5 (E.D. Mich. Apr. 9, 2013) and *RoofMaxx Technologies, LLC v. Holsinger*, 2021 WL 3617153 at * 11 (S.D. Ohio 8/16/21) (holding that Rule 9(b) does not apply), with *Ciccio v. Smile DirectClub, LLC*, 2020 WL 2850146 at * 11 (M.D. Tenn. June 2, 2020) and *Haworth, Inc. v. Tate Access Floors, Inc.*, 2013 WL 12290266 at *4 (W.D. Mich. Sept. 5, 2013) (holding that Rule 9(b) does apply). Here, the Court need not decide this issue because, even assuming the more lenient Rule 12(b)(6) standard applies, Winston has failed to sufficiently plead a causal link between the challenged statements and any harm to Winston.

Brief in Opposition that Uriah's letter "obviously" damaged its reputation, Winston does not actually allege any reputational damage or injury at any point in its Counterclaim.[6]

Faced with similar circumstances, courts have dismissed Lanham Act claims for failure to state a claim. *See, e.g., Geomatrix*, 82 F.4th at 483-484 (affirming dismissal of Lanham Act false advertising claim under Rule 12(b)(6) where plaintiff's complaint alleged that defendants' disparagement caused "independent harm in the market and influenc[ed] consumers' purchasing decisions," but the complaint failed to describe what "independent harm" occurred in the market or how defendants' actions actually "influenc[ed] consumers' purchasing decisions"); *Plateau Casualty Ins. Co. v. Securranty, Inc.*, 608 F.Supp.3d 566, 571 (M.D. Tenn. 2022) (dismissing Lanham Act claim under Rule 12(b)(6) for failure to sufficiently allege causation of harm); *International IP Holdings, LLC v. Vitamin Energy, Inc.*, 2023 WL 6466560 at * 5-6 (E.D. Mich. Oct. 4, 2023) (dismissing where "Vitamin Energy's Counterclaim does not contain factual allegations sufficient to establish a causal link between Innovation Ventures' alleged false advertisements and harm to Vitamin Energy.")

Accordingly, and for all the reasons set forth above, Uriah's Motion to Dismiss Winston's Lanham Act claim is granted.

### B. Ohio Deceptive Trade Practices Act

---

[6] The Court recognizes that, under certain circumstances, a Lanham Act plaintiff may seek to establish that a presumption of damages applies. *See, e.g., Balance Dynamics*, 204 F.3d at 694-695 (permitting presumption of damages where there is proof of willful deception but only in "cases of comparative advertising where the plaintiff's product was specifically targeted."); *Innovation Ventures LLC v. Bhelliom Enterprises Corp.*, 529 Fed. Appx. 560, 566 (6th Cir. 2013). Here, however, Winston does not argue (or cite any authority) that its allegations are sufficient to entitle it to a presumption of damages at the pleading stage. The Court will not *sua sponte* raise and address this issue on Winston's behalf.

Counterclaim III also appears to include a claim under Ohio's Deceptive Trade Practices Act, Ohio Rev. Code § 4165.02. As noted above, Uriah construes Winston's Counterclaim as alleging a claim for "false advertising" or "disparagement" under Ohio Rev. Code § 4165.02(A)(10). (Doc. No. 11-1 at fn 2.) Winston does not challenge or dispute this characterization of its Counterclaim. (Doc. No. 15.) Thus, and in the absence of any argument to the contrary, this Court presumes that Winston's "deceptive trade practices" Counterclaim is brought under Ohio Rev. Code § 4165.02(A)(10).

That statute provides that "[a] person engages in a deceptive trade practice when, in the course of the person's business, vocation, or occupation, the person does any of the following: *** (10) Disparages the goods, services, or business of another by false representation of fact." Ohio Rev. Code § 4165.02(A)(10). Uriah argues (and Winston does not dispute) that courts evaluate an Ohio deceptive trade practices claim under the same analysis as that used for Lanham Act claims. *See, e.g., The Hillman Group, Inc. v. Minute Key, Inc.*, 317 F.Supp.3d 961, 968 (S.D. Ohio 2018); *Allied Erecting and Dismantling Co., Inc v. Genesis Equipment Mfg., Inc*. 649 F.Supp.2d 702, 725 (N.D. Ohio 2009); *Enduring Wellness, LLC v. Roizen*, 2020 WL 3001027 at * 7 (Ohio App. 8th Dist. June 4, 2020).

As the same analysis applies, the Court's concludes that Winston's claim under Ohio Rev. Code § 4165.02(A)(10) fails for all the reasons set forth above in connection with its Lanham Act claim, i.e. because Winston has failed to sufficiently allege a causal link between the challenged statements and harm to Winston.

### III. Conclusion

Accordingly, and for the reasons set forth above, Uriah's Motion to Dismiss (Doc. No. 11) is GRANTED. Winston's Counterclaim III is dismissed.

**IT IS SO ORDERED.**

Date: June 3, 2025

                            *s/Pamela A. Barker*
                            PAMELA A. BARKER
                            U. S. DISTRICT JUDGE